UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COACH RELIEF, LLC,
Plaintiff,

v. Case No.: ________________

WAYNE FARMER and DEBORAH DISNEY,
Defendants.
________________________________/

**COMPLAINT FOR FEDERAL SERVICE-MARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND CYBERSQUATTING**

Plaintiff, Coach Relief, LLC ("Plaintiff" or "Coach Relief"), sues Defendants Wayne Farmer ("Farmer") and Deborah Disney ("Disney") (collectively, "Defendants"), and alleges as follows:

**PARTIES**

1. Plaintiff Coach Relief, LLC is a Florida limited liability company with its principal place of business in Clearwater, Florida.

2. Defendant Wayne Farmer is a resident of Florida and resides within the Middle District of Florida.

3. Defendant Deborah Disney is a resident of Florida and resides within the Middle District of Florida.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Lanham Act, including 15 U.S.C. §§ 1114(1), 1125(a)(1)(A), and 1125(d). No state-law cause of action is asserted.

5. This Court has personal jurisdiction over Defendants because they reside within this judicial district and the commercial activities alleged below are directed toward and affect Plaintiff and consumers in this district.

6. Venue is proper in the Tampa Division of this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and injuries at issue occurred in this district, including the development and use of Plaintiff's mark and the effects of the challenged commercial use on Plaintiff's business in Largo, Florida.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's COACHRELIEF Service Mark and Online Identity

7. Plaintiff uses the COACHRELIEF service mark (the "COACHRELIEF Mark" or "Mark") to identify and distinguish its online retail services. Commercial references to "Coach Relief" or "coachrelief" use substantially the same wording as the registered Mark.

8. Plaintiff is the identified owner of U.S. Service Mark Registration No. 8,148,869 for COACHRELIEF, a standard-character mark on the Principal Register, issued February 24, 2026.

9. The federal registration covers Class 35 online retail store services featuring dietary supplements and jewelry, and promoting the goods and services of others. It lists September 1, 2022 as the dates of first use and first use in commerce.

10. The registration identifies Coachrelief, LLC as the owner and states that "CoachRelief" identifies Randall O'Leary, a living individual whose consent is of record. Randall O'Leary is Plaintiff's principal.

11. By reason of its use and federal registration, Plaintiff claims protectable rights and goodwill in the COACHRELIEF Mark for its identified services, including the statutory presumptions associated with registration under 15 U.S.C. §§ 1057(b) and 1115(a).

12. Plaintiff's principal, Randall O'Leary, also maintains the separate domain name snapbacktolife.com. GoDaddy domain-portfolio and contact records identify snapbacktolife.com and list O'Leary as the domain contact in the account.

13. The COACHRELIEF name appears within online commercial account records associated with O'Leary's separate SnapBackToLife branding: a TikTok

advertising-account management screen lists "Randall OLeary SnapBackToLife1013" as the GMV Max and primary advertising account and identifies "CoachRelief LLC" as an available official TikTok account.

14. The domain snapbacktolife.com is distinct from coachrelief.com. The separate SnapBackToLife branding and its associated account records form part of O'Leary's online commercial identity.

**Defendants' Use of the Mark and Continued Commercial Activity**

15. Defendants have used the designation "Coach Relief" or "coachrelief" without Plaintiff's authorization in connection with commercial activities conducted through coachrelief.com.

16. The designation "coachrelief" forms the distinguishing second-level portion of coachrelief.com and is identical in lettering to the COACHRELIEF Mark. Use of that address in commerce directs consumers to a name associated with Plaintiff's registered services.

17. Upon information and belief, Farmer has continued to conduct or direct product-sales operations using the "coachrelief" brand and coachrelief.com through personnel handling his business operations.

18. Information available to Plaintiff indicates that the "coachrelief" name continued to be used, and products continued to be sold through coachrelief.com, after May 2026, including during the summer of 2026.

19. Information available to Plaintiff further indicates that personnel responsible for Farmer's business operations made affirmative changes to the coachrelief.com website during 2026, reflecting its active maintenance rather than merely passive retention of a domain name.

20. As of approximately September 10, 2026, information obtained by Plaintiff indicated that the operations conducted through that site had at least 200 active monthly recurring "autoship" subscriptions.

21. The same operational information indicated that the business then lacked product inventory, while recurring subscription charges nevertheless continued and customers' corresponding orders were not fulfilled.

22. Plaintiff alleges on information and belief that consumers encountering those continuing charges and unfulfilled subscriptions in connection with the COACHRELIEF designation could attribute the resulting service failures to Plaintiff or its authorized retail operation, damaging consumer trust and the goodwill associated with the Mark.

## Consumer Confusion and Notice

23. On August 8, 2026, a customer contacted Randall O'Leary regarding an order identified as No. 7198 and referred to an earlier order dated August 3, 2025, apparently believing that the order was associated with O'Leary's business.

24. O'Leary informed the customer that he had no record of that order, was not then offering the product identified by the customer, and distinguished his business website, coachrandallrelief.com, from coachrelief.com, which he stated was not his website.

25. On August 9, 2026, the same customer reported having provided payment-card information to another business, planned to contact the card issuer concerning the transaction, and requested a direct link to O'Leary's business in order to continue an autoship arrangement with the correct seller.

26. Those communications demonstrate confusion or uncertainty by an actual customer concerning which commercial website or seller was associated with O'Leary and was responsible for the order and recurring charges.

27. On April 20, 2026, Plaintiff, through counsel, sent Defendants a cease-and-desist email demanding that they discontinue use of the COACHRELIEF Mark. Defendants responded to that communication.

28. Notwithstanding the notice, the continued commercial use and website maintenance alleged above occurred thereafter. Plaintiff has not licensed, authorized, or consented to Defendants' challenged use of the registered Mark.

29. The continued use of the same designation for related retail activity after written notice, together with the customer confusion and ongoing subscription operations described above, supports an inference that the challenged use was knowing and intentional.

30. The challenged uses are likely to cause confusion, mistake, or deception about the origin, affiliation, sponsorship, or approval of the services and transactions promoted through coachrelief.com.

31. Plaintiff has sustained, and unless relief is granted will continue to face, injury to its ability to control the identity of its services, its communications with customers, and the goodwill and reputation associated with the COACHRELIEF Mark.

**The coachrelief.com Domain Name**

32. Defendants' challenged commercial operations employ the domain coachrelief.com, which incorporates the COACHRELIEF Mark in its entirety, adding only the generic ".com" top-level domain.

33. Upon information and belief, at least one Defendant exercises or has exercised control over the commercial use of coachrelief.com, including directing the

website's continued operation and the use of the disputed designation in transactions with consumers.

34. Plaintiff alleges that the continued commercial exploitation of the Mark as a domain name, particularly after express notice of Plaintiff's rights and in connection with recurring charges for unfulfilled orders, supports an inference of intent to profit from consumer association with the Mark.

**COUNT I - FEDERAL SERVICE-MARK INFRINGEMENT**

**(15 U.S.C. § 1114(1)(a) - Against All Defendants)**

35. Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff owns a valid federal registration for the COACHRELIEF Mark covering its identified Class 35 services, and the registration remains the asserted basis of Plaintiff's claim.

37. Defendants, without Plaintiff's authorization, used the same designation or a confusingly similar variant in commerce in connection with the advertising, offering, or sale of related goods and retail services through coachrelief.com.

38. The similarity of the marks, relationship of the commercial activities, consumer communications described above, and continued use after notice make confusion, mistake, or deception as to source, sponsorship, or affiliation likely.

39. As a direct and proximate result of the challenged conduct, Plaintiff has suffered or is likely to suffer damage to its goodwill, reputation, and ability to distinguish its legitimate services, and seeks relief authorized by the Lanham Act.

## COUNT II - FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

### (15 U.S.C. § 1125(a)(1)(A) - Against All Defendants)

40. Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

41. Plaintiff has protectable rights in COACHRELIEF arising from its use in commerce and its federal registration.

42. Defendants used "Coach Relief" or "coachrelief" in commerce in connection with goods, services, and commercial activities in a manner likely to suggest a false affiliation, connection, association, sponsorship, or approval by Plaintiff.

43. The continued online sale and subscription activities associated with the designation, together with the documented customer inquiry about the source of an order and authorized seller, support a likelihood of confusion within the meaning of 15 U.S.C. § 1125(a)(1)(A).

44. Defendants' acts have injured and threaten to continue injuring Plaintiff's brand identification, business reputation, customer relationships, and goodwill.

**COUNT III - CYBERSQUATTING**

**(15 U.S.C. § 1125(d)(1) - Against All Defendants)**

45. Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

46. Plaintiff's COACHRELIEF Mark is distinctive and was used in commerce before its federal registration; the registration dates and the extent of its earlier use are described above.

47. The second-level domain "coachrelief" in coachrelief.com is identical or confusingly similar to Plaintiff's COACHRELIEF Mark.

48. Upon information and belief, at least one Defendant is the registrant or an authorized licensee of the registrant of coachrelief.com, and Defendants have used the domain name in commerce to direct customers to the product-sales and subscription operations described above.

49. Plaintiff alleges on information and belief that Defendants' continuing commercial use of the disputed domain, after written notice and with recurring subscription revenues tied to the challenged branding, was undertaken with bad-faith intent to profit from Plaintiff's Mark.

50. The circumstances alleged above include the use of the Mark in the domain name, diversion of prospective customers seeking Plaintiff's services, continuation of commercial activity after notice, and the likelihood of confusion created by recurring charges and unfulfilled orders.

51. Plaintiff seeks the remedies authorized for violations of 15 U.S.C. § 1125(d), including appropriate disposition of the disputed domain name.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants and relief as follows:

A. A declaration that Defendants' challenged use of the COACHRELIEF Mark infringes Plaintiff's rights under 15 U.S.C. § 1114(1)(a) and violates 15 U.S.C. § 1125(a)(1)(A), as established by the evidence;

B. Preliminary and permanent injunctive relief, as warranted by the evidence and Rule 65 of the Federal Rules of Civil Procedure, prohibiting Defendants and those persons bound by such an order from using the COACHRELIEF Mark or confusingly similar designations in commerce in a manner that infringes Plaintiff's rights or falsely suggests association with Plaintiff;

C. Appropriate injunctive relief requiring the removal of infringing uses of the Mark from websites, advertising, social-media profiles, customer communications, and other commercial channels controlled by Defendants;

D. On Count III, if established, transfer of coachrelief.com to Plaintiff, or alternatively cancellation or other disposition of that domain as authorized by 15 U.S.C. § 1125(d)(1)(C);

E. Recovery of Defendants' profits attributable to the proven violations, Plaintiff's compensatory damages, and costs, as permitted by 15 U.S.C. § 1117(a), subject to applicable limitations and the principles of equity;

F. Such adjustment of damages as is authorized by 15 U.S.C. § 1117(a), in an amount necessary to provide compensation and not a penalty;

G. In the alternative to actual damages and profits on Count III, and if the statutory elements are established, statutory damages under 15 U.S.C. § 1117(d), to the extent elected by Plaintiff before final judgment;

H. Reasonable attorneys' fees if the Court determines that the case is exceptional under 15 U.S.C. § 1117(a);

I. Prejudgment interest, postjudgment interest, and taxable costs to the extent permitted by law;

J. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable.

Dated: 10/19/2026

Respectfully submitted,

*/s/ Gil Sanchez*
Gil Sanchez, Esq.
Florida Bar No. 735981
BLACK ROCK TRIAL LAWYERS
201 S. Westland Ave.
Tampa, FL 33606
P: 813-254-1777
F: 813-254-3999
gil@blackrocklaw.com
service@blackrocklaw.com
Counsel for Plaintiff Coach Relief, LLC